|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CRIMINAL ACTION NO. 4:11-CR-159 |
| § | |
| LUPE GONZALES § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the above-referenced criminal action, this Court having heretofore referred the request for the revocation of Defendant's supervised release to the United States Magistrate Judge for proper consideration. Having received the report of the United States Magistrate Judge pursuant to its order, and having received Defendant's waiver of right to object and waiver of right to be present and speak at sentencing, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts same as the findings and conclusions of the Court. It is therefore,

**ORDERED** that the Magistrate Judge's Report is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that Defendant's supervised release is hereby **REVOKED**. It is further

**ORDERED** that Defendant is sentenced to a term of imprisonment of eight (8) months with sixty (60) months of supervised release to follow. It is further

**ORDERED** that within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. It is further

**ORDERED** that while on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring fine payments and his efforts at maintaining lawful employment.

The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 .U.S.C. § 16901, et. seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a combination of psychiatric, psychological, or mental health treatment deemed appropriate by the treatment provider.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing.

The defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children.

The defendant shall not possess or access a computer, except in the course of his/her employment. Such computer shall have no modem or other device which would allow access to the Internet. The defendant shall allow the probation officer to have access to any computer to which he or she has access for the purpose of monitoring this condition, and shall fully cooperate with the probation officer with regard to enforcement of this condition. The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring their compliance with the imposed computer access/monitoring conditions.

The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection.

The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release.

At the discretion of the probation officer, the defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. Should the defendant obtain a residence approved by the probation officer during the 180 days placement, the defendant shall be released.

It is further **ORDERED** that Defendant shall pay the United States a special assessment of $100, which is due immediately, payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 ESE Loop 323, #287, Tyler, Texas 75701

SIGNED at Beaumont, Texas, this 3rd day of July, 2013.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE