# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:11-CR-159 |
| | § | |
| LUPE GONZALES | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 17, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by William Tatum.

Lupe Gonzalez was sentenced on March 19, 2012 before the Honorable Marcia A. Crone for the Eastern District of Texas after pleading guilty to the offense of Failure to Register, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years. The guideline imprisonment range, based on a total offense level of 13 and criminal history category of III, was 18 to 24 months. Lupe Gonzales was subsequently sentenced to 24 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; mental health treatment; sex offender registration; no contact with minors; sex offender treatment and testing; restrictions from sexually explicit material; computer restrictions; and restrictions from portable electronic devices and camera equipment. On April 2, 2013, Lupe Gonzales completed his period of imprisonment and began service of the supervision term. On July 3, 2013, Mr. Gonzales's term of supervision was revoked for possession of an unauthorized cellular phone, possessing sexually explicit images, and

for being unsuccessfully discharged from a residential reentry center. He was subsequently sentenced to 8 months imprisonment followed by 5 years supervised release subject to the standard conditions of supervision plus special conditions to include financial disclosure, mental health treatment; sex offender registration; no contact with minors; sex offender treatment and testing; restrictions from sexually explicit material; computer restrictions; and restrictions from portable electronic devices and camera equipment; and placement in a residential reentry center. On February 14, 2014, he completed his term of imprisonment and began serving his term of supervision. On August 6, 2014, Mr. Gonzales's conditions of supervision were modified to include placement in a residential reentry center for up to 180 days, or until he was able to secure a residence. On October 18, 2016, his conditions were again modified to include a requirement to complete 15 hours of community service each month, due to failing to pay his required copay for sex offender treatment. On December 6, 2016, his conditions of supervision were modified to include an additional placement in a residential reentry center for 180 days, due to previous violations of supervision. Mr. Gonzales began his term of community confinement on December 14, 2016, with an excepted release date of June 11, 2017. He was discharged on April 17, 2017, with 55 days of community confinement left to serve. On March 7, 2017, his conditions of supervision were again modified to include limited computer and internet access under the direction and supervision of the U.S. Probation Office for the purpose of aiding him in securing employment.

On April 21, 2017, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 59 Sealed]. The Petition asserted that Defendant violated four (4) conditions of supervision, as follows: (1) Defendant shall notify the probation officer ten days prior to any change of residence or employment; (2) Defendant shall comply with the

requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works is a student, or was convicted of a qualifying offense; including a special allegation that Defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer (3) Defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDA's); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic devices that is capable of communicating data via modem, wireless, or dedicated connection. Defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment; and (4) Defendant shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. Defendant shall abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

The Petition alleges that Defendant committed the following acts: (1) Mr. Gonzales failed to notify his probation officer of his change in employment in September, 2016, and again in November, 2016; (2) Mr. Gonzales failed to update the sex offender registration agency of his employment change in September, 2016, and again in November, 2016, as required by SORNA and as instructed by his probation officer; (3) On January 12, 2017, Mr. Gonzales admitted to possessing and using a cellular telephone with photographic capability on two different occasions on December 6, 2016; (4) On April 17, 2017, facility staff at the County Rehabilitation Center in

Tyler, Texas reported Mr. Gonzales was unsuccessfully discharged from the residential reentry center for failing to follow the rules of the facility.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the allegations in the Petition. Having considered the Petition, and the plea of true to allegations one (1), two (2), three (3) and four (4), the Court finds that Defendant did violate his conditions of supervised release. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirteen (13) months, with no term of supervised release to follow. The Court also recommends that Defendant be housed in the Bureau of Prisons in Seagoville, Texas, if appropriate.

**SIGNED this 17th day of May, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE